JUSTICE HUNT
dissenting.
I dissent. There is nothing more basic to the subject of privacy than the nude body. “The desire to shield one’s unclothed figure from view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and dignity.” York v. Story (9th Cir. 1963), 324 F.2d 450, 455, cert. denied, 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964).
In my opinion, Justice Stewart’s concurring opinion in Stanley is especially applicable to the facts of this case. In this case, as in Stanley, the Department of Revenue agents were acting under the authority of the warrant when they opened the closet door. However, they exceeded that authority when they found and seized the photographs. In no way did the warrant indicate that photographs were to be searched. The agents rummaged through the photographs for a considerable amount of time, even though the nature of the photography should have been readily apparent. The agents conducted an exploratory search which exceeded the bounds of the warrant and invaded the privacy of the Does.
A week after the search, in the presence of a local newspaper reporter, police officers openly discussed and joked about the photographs. In addition, an official from Child Protective Services told the children’s grade school principal of the alleged abuse in order to elicit his permission to interview the children. The Does have been embarrassed and humiliated, and their reputation tarnished, if not ruined.
I would reverse the District Comet and allow the case to proceed on the merits.
JUSTICE TRIEWEILER concurs in the foregoing dissent.